UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand ("Motion") filed by plaintiffs Vernon E. Murray and Sandra Murray ("Plaintiffs").  (Docket No. 10.)  The matter is fully briefed.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 5, 2023, is vacated, and the matter taken off calendar.

## I.      Factual and Procedural Background

On January 12, 2023, Plaintiffs initiated this suit in Los Angeles County Superior Court against defendants Bankers Standard Insurance Company, Indian Harbor Insurance Company, PURE Programs, LLC, Privilege Underwriters, Inc., ESIS, Inc., David S. Updegraff, Rosemary Cooke, USI Insurance Services, LLC, John LaSalle, Tawni Hylen, Eric Saunders, Samuel Vazquez Altero, Marilyn Cartrett, Clyde Nelson, Wells Fargo Insurance Services, USA, and Does 1 through 50 ("Defendants").  On April 5, 2023, defendants Bankers Standard Insurance Company and ESIS, Inc. removed this action based on diversity jurisdiction. (See Notice of Removal, Docket No. 1.)

The Complaint ("Removed Complaint") alleges that Defendants failed to properly handle Plaintiffs' insurance claim and negligently misrepresented that no coverage or duty to defend existed under Plaintiffs' insurance policies.  The Complaint asserts ten causes of action: (1) Bad Faith Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against defendants Bankers Standard Insurance Company, ESIS, Inc., David S. Updegraff, and Rosemary Cooke (the "Chubb Defendants"); (2) Bad Faith Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against defendants Indian Harbor Insurance Company, PURE Programs, LLC, and Privilege Underwriters, Inc. (the "Indian Harbor Defendants"); (3) Breach of Contract against defendant Bankers Standard; (4) Breach of Contract against defendant Indian Harbor; (5) Negligence against the Chubb Defendants; (6) Negligence against the Indian Harbor Defendants; (7) Negligent Misrepresentation against the Chubb Defendants;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

(8) Negligent Misrepresentation against the Indian Harbor Defendants; (9) Negligence against defendants USI Insurance Services LLC, John LaSalle, Tawni Hylen, Eric Saunders, Samuel Vazquez Altero, Marilyn Cartrett, Clyde Nelson, and Wells Fargo Insurance Services USA (the "Broker Defendants"); and (10) Negligent Misrepresentation against the Broker Defendants.

Defendants acknowledge that complete diversity does not exist if the Court considers the California citizenship of John LaSalle, Tawni Hylen, Eric Saunders, Marilyn Cartrett, and Clyde Nelson (the "California Defendants"). (Notice of Removal ¶¶ 19-45.) However, Defendants argue that the California Defendants are fraudulently joined and their citizenship should be disregarded due to an earlier filed and ongoing action in Los Angeles County Superior Court, Case No. 22STCV07416 (the "State Complaint"). That Complaint, filed on March 1, 2022 by plaintiffs Vernon E. Murray and The Walnut Plaza, Ltd., alleges that USI Insurance Services, LLC, John LaSalle, Tawni Hylen, Eric Saunders, Samuel Vazquez Altero, Wells Fargo Insurance Services, USA, Privilege Underwriters Reciprocal Exchange, and Does 1 through 50 failed to procure the requested insurance coverage and violated their professional duty as insurance brokers. The State Complaint asserts two causes of action, (1) Professional Negligence (Insurance Agent Negligence) and (2) Intentional Concealment (Fraud).

On April 25, 2023, Plaintiffs filed this Motion, arguing that the Court does not possess subject matter jurisdiction because the California Defendants are not fraudulently joined and there is not complete diversity of citizenship.

**II.    Analysis**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

See 28 U.S.C. § 1332; see also Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

There is an exception to the complete diversity rule for fraudulently joined or "sham defendants."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes.  See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  However, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)).

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter, 582 F.3d at 1044 (quoting Smallwood v. Illinois Cent. RR. Co., 385 F.3d 568, 573 (5th Cir. 2004)).  Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency."  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

1159 (C.D. Cal. 2009) (internal quotations omitted).  In this Circuit, it is not permissible to find fraudulent joinder on the basis that a defendant has raised a defense that requires an inquiry into the merits of the case and, if successful, would prove fatal.  See Hunter, 582 F.3d at 1046 (holding that an implied preemption affirmative defense was not a permissible ground for finding fraudulent joinder).

     Defendants' fraudulent joinder argument is based upon California's rules against claims splitting, specifically the related California doctrines of res judicata and primary right theory.  Res judicata is an affirmative defense that acts as a procedural bar, similar in nature to a statute of limitations defense, and is a permissible means for establishing fraudulent joinder.  See Joseph v. Kaye, No. CV 16-01245 SJO (GJSx), 2016 WL 3677142, at *4 (C.D. Cal. July 7, 2016) (citing Ritchey, 139 F.3d at 1319-20; JSJ Ltd. P'ship v. Mehrban, 205 Cal. App. 4th 1512, 1526, 141 Cal. Rptr. 3d 338 (2012)).  "Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."  Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896, 51 P.3d 297, 123 Cal. Rptr. 2d 432 (2002).  "[T]hree requirements have to be met:  (1) the second lawsuit must involve the same "cause of action" as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit."  San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009).

     California law defines a "cause of action" for purposes of claim preclusion by analyzing the primary right at stake.  "That concept 'is indivisible:  the violation of a single primary right gives rise to but a single cause of action.'"  Id. (quoting Crowley v. Katleman, 8 Cal. 4th 666, 681, 34 Cal. Rptr. 2d 386, 395 (1994)).  "Whenever a judgment in one action is raised as a bar to a later action under the doctrine of res judicata, the key issue is whether the same cause of action is involved in both suits.  California law approaches the issue by focusing on the 'primary right' at stake:  if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612, 614 (1983).  As such, the primary right theory "prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata."  Crowley, 8 Cal. 4th at 681.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

At least on this record, the Court cannot conclude that Plaintiffs would be unable to state a viable claim against Marilyn Cartrett and Clyde Nelson. Even assuming res judicata bars the California Defendants named in the State Complaint, there is no claim asserted against Cartrett and Nelson in the State Complaint. Defendants argue Cartrett and Nelson are nonetheless subject to res judicata due to privity. "The loose term 'privity' refers to some relationship or connection with the party that makes it proper to hold 'privies' bound with the actual parties." Grande v. Eisenhower Med. Ctr., 13 Cal. 5th 313, 323 (2022) (citation omitted). In the context of res judicata, "privity 'requires the sharing of "an identity or community of interest," with "adequate representation" of that interest in the first suit, and circumstances such that the nonparty "should reasonably have expected to be bound" by the first suit.'" Id. at 319 (quoting DKN Holdings LLC v. Faerber, 61 Cal.4th 813, 826, 189 Cal. Rptr. 809, 352 P.3d 378 (2015)). However, the Court cannot conclude that such an identity of interests exists on this record, as Plaintiffs could amend the Removed Complaint to include viable intentional misrepresentation or fraud claims against Cartrett and Nelson for which they would be individually liable.[1] See McNeill v. State Farm Life Ins. Co., 116 Cal. App. 4th 597, 603, 10 Cal. Rptr. 3d 675 (2004); see also DKN Holdings, LLC, 61 Cal.4th at 826, 189 Cal. Rptr. 3d 809, 352 P.3d 378 ("Joint and several liability alone does not create such a closely aligned interest between co-obligors. The liability of each joint and several obligor is separate and independent, not vicarious or derivative.").

Defendants have therefore failed to meet their "heavy burden of persuasion" to establish that Cartrett and Nelson are fraudulently joined, and the Court will not ignore their citizenship for purposes of evaluating whether diversity jurisdiction exists. Because Plaintiffs, Cartrett, and Nelson are not completely diverse, the Court concludes that Defendants have not established this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs ask this Court to award attorney fees pursuant to 28 U.S.C. § 1447(c). The Court denies Plaintiffs' request for attorney fees because the Removal was not objectively unreasonable. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under

---

[1] The Court also cannot conclude on the present record that Sandra Murray shares an identity of interests with Vernon E. Murray or The Walnut Plaza, Ltd., or that their interests are "community in nature." See Smith v. Nerium Int'l, LLC, No. SACV 18-1088-JVS(PLAx), 2019 WL 4282901, at *6-7 (C.D. Cal. June 20, 2019) (quoting Mueller v. J.C. Penney Co., 173 Cal. App. 3d 713, 723, 219 Cal. Rptr. 272 (1985)) ("Under California law, spouses are in privity with each other where the cause of action in the prior litigation was 'community in nature' and the 'proceeds of any judgment that might have been recovered . . . would have belonged to both husband and wife, as community property.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2573 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Vernon E. Murray et al v. Bankers Standard Insurance Company et al | | |

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

Based on the foregoing, the Court finds that complete diversity does not exist between the parties and that remand is required. The Court grants Plaintiffs' Motion to Remand. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 23STCV00686, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.